UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

METROPOLITAN LIFE INSURANCE COMPANY,

Plaintiff,

v.

BERNADINE PALMER, et al.,

Defendants.
_______________________________________/

Case No. 2:25-cv-10845

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 35) AND ENTERING JUDGMENT OF DEFAULT AGAINST DEFENDANT BERNADINE PALMER**

Before this Court is Plaintiff's motion for default judgment against Defendant Bernadine Palmer. ECF No. 35. Because Bernadine has not filed an Answer, Plaintiff's request for default judgment will be granted.

## I. BACKGROUND

Plaintiff Metropolitan Life Insurance Company ("MetLife") sought interpleader relief under Civil Rule 22 regarding the proceeds of an ERISA-governed welfare benefit plan sponsored by Ford Motor Company (the "Plan") on behalf of a Ford Employee, Defendant Rufus L. Palmer. *See generally* ECF No. 1; FED. R. CIV. P. 22.

At the time of Rufus's[1] death, he was enrolled under the Plan for Basic Life insurance in the amount of $47,920.50. *Id.* at PageID.3, 4. According to the latest beneficiary designation in MetLife's file, dated December 1, 2011, Rufus's sons, Defendants Timothy Palmer and Daryl Palmer, were each entitled to 50% of the Plan proceeds. *Id.* at PageID.3. Under the terms of the Plan, the proceeds became payable upon Rufus's death on May 17, 2024. *Id.* at PageID.4.

Shortly after Rufus's death, MetLife sent Timothy and Daryl condolence letters and claim forms. ECF No. 1 at PageID.4. Timothy faxed MetLife a blank copy of the claim form, which MetLife interpreted as his intention to submit a claim. *Id.* at PageID.5. MetLife received a completed form from Daryl. *Id.*

MetLife also received documents via fax from Defendant Bernadine Palmer, Rufus's wife, indicating Rufus's address had changed, and a handwritten note dated June 17 (no year) that stated, "Mr. Rufus would like to change his beneficiary to his wife Bernadine Palmer." ECF No. 1 at PageID.4–5; *see also* ECF No. 1-7 at PageID.142, 144. When MetLife denied Bernadine's claim on June 20, 2024—based on her not being named in the December 2011 designation it had in Rufus's file—Bernadine appealed the decision, stating that Rufus had given her power of attorney. ECF No. 1 at PageID.6. She provided a copy of their marriage license and a power-

[1] Because Rufus and the Defendants share a surname, this Court refers to them by their first names.

of-attorney document dated April 29, 2024, with a notary statement that "RUFFIE PALMER" had appeared, but that used she/her pronouns to refer to Rufus. *Id.*; *see also* ECF Nos. 1-12; 1-13 at PageID.175–82.

Given the questions regarding the proper beneficiaries, MetLife initiated this interpleader action. ECF No. 1. MetLife served a copy of the interpleader complaint on Bernadine, Daryl, and Timothy in early April 2025. *See* ECF Nos. 5; 8; 9; 11; 12. No Defendants timely responded. MetLife sought and was granted a clerk's entry of default against all three Defendants. ECF Nos. 13; 14; 15; 16; 33; 34. MetLife filed a motion for default judgment against Timothy and Daryl, ECF No. 19, but withdrew that motion after the brothers filed an Answer, ECF Nos. 25; 29.

Bernadine has never appeared in this action. Her daughter, Raquel Kelly, has sent many faxes to this Court. *See* ECF Nos. 17; 18; 21; 22; 24; 26; 27; 36; 41; 47. Those letters indicate that Bernadine has suffered multiple strokes that affect her memory and her capacity to respond to this litigation. *See generally id*. This Court ordered Bernadine to appear for an evidentiary hearing to assess her competence. *See* ECF No. 37.

After taking evidence, including testimony from Bernadine herself, this Court found Bernadine competent to be sued under the law of the state in which she is domiciled, Louisiana. *See generally* ECF Nos. 37; 39. However, Kelly then sent another fax to this Court containing a letter purporting to be from Shantel R. Batiste,

NP, who indicated that Bernadine is *not* competent. ECF No. 41. In response, this Court held another evidentiary hearing. *See* ECF Nos. 43; 45. At that hearing, Bernadine did not introduce any evidence, and no testimony was taken. *See* ECF No. 48 at PageID.386–87. Therefore, this Court had no basis to overturn its earlier finding that Bernadine is competent to be sued. *Id.* at PageID.387. Consequently, this Court ordered Bernadine to file an answer or otherwise appear no later than September 16, 2026. *Id.* at PageID.388. To date, she has not done so.

MetLife moves this Court for default judgment against Bernadine. ECF No. 35.

## II. DEFAULT JUDGMENT

Under Civil Rule 55, courts may enter default judgment against a party who has "failed to plead or otherwise defend" an action and against whom the Clerk of Court has entered a default. *See* FED. R. CIV. P. 55(a), (b)(2).

To grant a default judgment, this Court must ensure that (1) it has both subject-matter jurisdiction over the claim and personal jurisdiction over the defendant, (2) the defendant was properly served, (3) the defendant failed to appear and to defend, and (4) the plaintiff is entitled to the relief sought. *See Marelli Auto Lighting v. Indus. BM de Mex.*, No. 2:20-cv-10331, 2021 WL 5121273, at *1–2 (E.D. Mich. Nov. 4, 2021). Additionally, a default judgment may be entered if the plaintiff's claim is for a sum certain or a sum that can be made certain by

computation, as evidenced by an affidavit. FED. R. CIV. P. 55(b). Here, MetLife seeks a default judgment against Bernadine for a sum certain of $0. *See* ECF No. 35-1.

### A. Jurisdiction

"Once default is entered against a defendant, that party is deemed to have admitted all the well pleaded allegations in the complaint, including jurisdictional averments." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006), *adopting report and recommendation*. Here, this Court has jurisdiction under 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331, because this action arises under ERISA.[2] And this Court has personal jurisdiction over Bernadine because ERISA allows nationwide service of process. *See Med. Mut. of Ohio v. deSoto*, 245 F.3d 561, 567 (6th Cir. 2001) (recognizing that ERISA's nationwide service provision, 29 U.S.C. § 1132(e)(2), confers nationwide personal jurisdiction).

### B. Service

MetLife properly effected service on Bernadine by serving the Complaint via certified mail on March 27, 2025. *See* ECF No. 8 at PageID.212. Bernadine signed for and received the Complaint in April 2025, *see id.* at PageID.213, effecting service. *See* FED. R. CIV. P. 4; Mich. Ct. R. 2.105(A)(2).

---

[2] The Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq*.

**C. Entry of Default**

Default was appropriate given Bernadine's failure to respond. Default must be entered if a party fails to plead or otherwise defend. FED. R. CIV. P. 55(a). Despite being given multiple chances, Bernadine has not timely responded to the Complaint. The Clerk's entry of default on October 31, 2025, was proper. *See* ECF No. 34.

In sum, the procedural prerequisites for default under Civil Rule 55(a) are satisfied.

**D. Plaintiff's Entitlement to Relief**

This Court must next determine whether MetLife is entitled to the relief sought. To that end, this Court again takes the well-pleaded allegations of the complaint as true, except those relating to the amount of damages. *Ford Motor Co.*, 441 F. Supp. 2d at 837, 846.

Entering a default judgment is within the court's discretion, as guided by equity and fairness considerations of:

1) possible prejudice to the plaintiff;
2) the merits of the claims;
3) the sufficiency of the complaint;
4) the amount of money at stake;
5) possible disputed material facts;
6) whether the default was due to excusable neglect; and

7) the preference for decision on the merits.

*Marelli*, 2021 WL 5121273, at *2.

*Prejudice*. The first factor favors MetLife. Without Bernadine's response, MetLife is left in limbo, unable to determine to whom the Plan's benefits are properly payable. *See generally* ECF No. 1. If default is not entered, MetLife is left unable to resolve the dispute, which is prejudicial.

*Merits, Sufficiency, and Amount at Stake*. In addition, MetLife's Complaint is sufficient, and its claims likely have merit. The Complaint lays out the Plan's terms, the conflicting information regarding beneficiaries, and the amount of benefits payable. *See generally* ECF No. 1. The amount at stake—$0, for Bernadine—weighs in favor of default, since default judgment will not impose a financial burden on Bernadine. Therefore, the requested relief appropriately reflects MetLife's claims.

*Disputed Material Facts*. Given Bernadine's failure to respond, there is no indication of disputed material facts at this juncture. MetLife's factual allegations are uncontested, and the evidence supports them. Bernadine had ample opportunity to present disputes but chose not to engage. Moreover, no evidence suggests Bernadine defaulted due to excusable neglect. This Court offered her multiple opportunities to appear, and nearly a year to seek legal representation if she desired not to proceed *pro se*. *See* ECF Nos. 30; 37; 39; 43. However, Bernadine has never indicated an intent to appear, whether *pro se* or through counsel. Therefore, this

Court finds that Bernadine had ample opportunity to respond but chose not to do so, which weighs heavily in favor of default.

*Decision on the Merits*. Although there is a general preference for decisions on the merits, it does not override the necessity of enforcing procedural rules and ensuring that plaintiffs can obtain relief when defendants fail to participate. *Cunningham v. Acct. Processing Grp.*, No. 2:1-cv-00120, 2022 WL 900618, at *4 (S.D. Ohio Mar. 28, 2002) ("Where trial on the merits is not attainable, however, courts recognize that this policy preference must yield to the needs of litigants actually before them." (citing *Toler v. Glob. Coll. of Nat. Med.*, *Inc.*, No. 4:13-cv-10433, 2016 WL 67529, at *9 (E.D. Mich. Jan. 6, 2016))). Accordingly, the merits of this case, as presented through MetLife's uncontested allegations and supporting evidence, justify the entry of a default judgment.

Based on these factors, Plaintiff is entitled to the relief sought. Bernadine's failure to respond leaves MetLife no recourse other than a default judgment against her.

**E. Hearing Requirement**

A hearing is not necessary. The court must hold a hearing only if it cannot "ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. May 11, 2009) (citation omitted) (per curiam).

MetLife seeks a sum certain of $0 against Bernadine. *See* ECF No. 35-1. Therefore, no hearing is necessary, and default judgment will be entered against Bernadine.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion for Default Judgment, ECF No. 35, is **GRANTED**.

It is further **ORDERED** that Bernadine Palmer is **BARRED** from receiving the Proceeds that are the subject of MetLife's interpleader Complaint.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: September 23, 2026